**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**CRAIG A. CHILDRESS**                                                            **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:13-CV-115-M**

**SCOTT SKAGGS et al.**                                                   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Craig A. Childress, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues Kentucky State Police (KSP) Officers Scott Skaggs and Jeff Scruggs; Phillip R. Patton, formerly a Commonwealth's Attorney, now a Kentucky state-court judge; and Sheriff Will Cannon. His complaint is lengthy and rambling. He attaches over 200 pages of exhibits. Plaintiff alleges that Defendants Scruggs and Cannon interfered with, manipulated, and "tamper[ed] with evidence & witness" in Plaintiff's 1996 Illinois state-court criminal case.[1] He also alleges that Defendants procured an allegedly fraudulently obtained governor's warrant in 1996; that Defendant Skaggs boasted of his involvement in "railroading" Plaintiff back into custody in 2010; and that Defendant Skaggs used a police database to send inflammatory emails to people, forcing Plaintiff's family to hire a private attorney to deal with harassment from Defendants Scruggs and Skaggs. He alleges that then Commonwealth's Attorney Phil Patton

---

[1] The Court gleans from the filings in this case that Plaintiff was in prison in Illinois for a number of years for rape after being convicted in Illinois state court in 1996. He served out his sentence in 2010, but is now civilly committed as a sex offender in Illinois.

had along with Defendant Scruggs "set into motion" a 1996 "forged" Governor's warrant. He also accuses (now judge) Patton of "knowingly and willingly with reckless disregard turned a blind eye and dupliciously sat as the assigned Judge in Charge of this Case" from September 3, 2010, until February 7, 2011, in an effort "to block my pursuit of justice and obtain my liberty." Plaintiff appears to be referring to an action in Kentucky state court to dismiss the indictment which was the basis for the 1996 detainer. Plaintiff seeks monetary and punitive damages.

One of the attachments to the complaint is a Governor's Warrant of Arrest signed by the Governor of Illinois on November 4, 1996, for the arrest of Plaintiff as a fugitive from justice. Also attached is a criminal complaint signed by Defendant Scruggs dated September 13, 1996, indicating that Plaintiff possessed a forged check in Barren County, Kentucky. It appears from attachments that Plaintiff was represented by an attorney in an action in Barren Circuit Court arguing that the Interstate Agreement on Detainers (IAD) had been violated on the 1996 warrant because Plaintiff had asserted his rights under the IAD but no action was taken by the Commonwealth of Kentucky to bring him to trial within 180 days. According to attachments to the complaint, on April 1, 2011, the Barren Circuit Court denied Plaintiff's claim of violation of the IAD but granted his motion to dismiss the indictment on the grounds of violation of his speedy-trial right. It appears that for a period of time Defendant Patton may have been the assigned judge in this case.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

2

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims related to Plaintiff's 1996 Illinois conviction and civil commitment***

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a person detained in state custody cannot state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily imply the invalidity of his confinement, unless and until the confinement is declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. *See also Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003). It is clear from the complaint that Plaintiff was convicted in 1996, that he served out his sentence, and that his confinement was not

declared invalid by a state tribunal or called into question by way of habeas corpus. Thus, it is clear that Plaintiff's claims relating to his 1996 conviction are barred by *Heck*.[2]

Moreover, the *Heck* bar is not limited to claims challenging the validity of criminal convictions. It also applies to Plaintiff's civil commitment as a sex offender in 2010. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Von Flowers v. Wis. Dep't of Health & Family Servs.*, 58 F. App'x 649, 651 (7th Cir. 2003) ("[Plaintiff] cannot sue for damages under § 1983 for his allegedly unconstitutional confinement [under Wisconsin's sexual predator law] until that [civil] commitment has been declared invalid through the proper channels[.]"). Thus, all of Plaintiff's claims relating to either his 1996 conviction or his civil commitment must be dismissed as barred by *Heck*.

***Claims related to alleged harassment of family and friends***

As a *pro se* litigant, Plaintiff may act as his own counsel in this matter. *See* 28 U.S.C. § 1654. However, he is not authorized to represent others in federal court. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause).

Plaintiff may only assert those claims which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16

---

[2] The fact that Plaintiff is no longer incarcerated for his 1996 conviction does not lift the *Heck* bar because Plaintiff had ample time to challenge his incarceration in a habeas corpus action. *See Powers v. Hamilton Cnty. Pub. Defender Comm.*, 501 F.3d 592, 601 (6th Cir. 2007) (holding *Heck* bar does not apply where a plaintiff was no longer in custody *and* had been in custody for such a short period of time that he was foreclosed from challenging the incarceration in a habeas action).

(6th Cir. 2002). Thus, to the extent that Plaintiff seeks to assert a claim on behalf of his friends or family, he lacks standing to do so. Therefore, Plaintiff's claim that his friends and family have been "harassed" by Defendants Scruggs and Skaggs will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

***Claims against Defendant Patton related to the detainer***

Plaintiff alleges that in 1996 Defendant Patton had, along with Defendant Scruggs, "set into motion" a "forged" Governor's warrant based on an allegedly false detainer. When the detainer was filed in 1996, Defendant Patton was a Commonwealth's Attorney.

It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision to file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). Thus, Plaintiff's claim against Defendant Patton relating to the detainer is barred by absolute immunity.

*** Statute of limitations***

Moreover, Plaintiff's non-*Heck*-barred claims were filed outside the one-year limitations period, so dismissal as frivolous pursuant to § 1915(e)(2)(B)(i) is appropriate. *Dellis v. Corr.*

5

*Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Plaintiff states that he is suing under the following statutes: 42 U.S.C. §§ 1983, 1985, 1986, and 1988.[3] "[T]he applicable statute of limitations [in Kentucky] for any claim arising under either Section 1983 or 1985(3) is one year." *Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001) (per curiam). "The statute of limitations for § 1986 actions is one year." *McWhorter v. Miller*, No. 99-5561, 2000 WL 924597, at *2 (6th Cir. June 26, 2000) (citing 42 U.S.C. § 1986, which states: "But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").[4] Section 1988 does not provide a cause of action; it dictates the applicability of statutory and common law and when attorney's fees are available in civil rights actions. *See* § 1988.

Plaintiff did not file his complaint until July 26, 2013. Thus, all of Plaintiff's claims related to the 1996 detainer against him and to Defendant Pattons's alleged role in the Barren Circuit Court case in which the detainer was dismissed by order dated April 1, 2011, are time-barred.

---

[3] Plaintiff also states that he is suing under 28 U.S.C. §§ 1331, 1343(a), 1367(a), 2201, 2202. None of these statutory sections provides an independent cause of action, but rather are jurisdictional in nature or in the case of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" to have a case heard in federal court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996).

[4] Additionally, Plaintiff's allegations of conspiracy under § 1985(3) are meritless because he has not alleged that the defendants were motivated by a racial or ethnic animus. *See Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Any claim under § 1986 for aiding and abetting violations of § 1985 is also meritless because his claims under § 1985(3) lack merit. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980).

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss all of Plaintiff's claims.

Date: December 13, 2013

*Joseph H. McKinley signature*

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiff, *pro se*
Defendants
Barren County Attorney
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009